IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KEITH D. GUNTER** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 5:14-cv-08001-KOB |
| | )                 5:11-cr-355-KOB-SGC |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

On December 12, 2011, Keith D. Gunter pled guilty to three counts of wire fraud under 18 U.S.C. § 1343 and three counts of mail fraud under 18 U.S.C. § 1341, pursuant to a plea agreement with the Government. This case is before the court on Gunter's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] (Civ. Doc. 1).[2]

In his § 2255 motion, Gunter asserts four grounds why this court should vacate his sentence. (Civ. Doc. 1). Specifically, Gunter asserts that (1) his counsel was ineffective for failing to apprise Gunter of his time limits for appealing to the United States Supreme Court; (2) his counsel was ineffective because he "convinced [Gunter] to plead guilty because [his attorney] said" his federal and state sentences "would [run] together"; (3) his plea was involuntary because

---

[1] A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court . . . to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

[2] Documents from Gunter's criminal trial, case number 5:11-cr-355 are designated "Cr. Doc. __." Documents from Gunter's § 2255 action, case number 5:14-cv-08001-KOB, are designated "Cv. Doc. __."

1

he did not understand the "nature of the charge and the consequences of the plea"; and (4) the court improperly considered his prior armed robbery conviction from 1980, which was "beyond the 15 year limit," at sentencing.  (Cv. Doc. 1). In his "Response to the Government[']s Answer," Gunter seems to add an additional ineffective assistance of counsel claim, alleging that his counsel did not discuss with Gunter any appeal strategy prior to filing the direct appeal to the Eleventh Circuit; did not show him the appeal before it was filed; and "left out" some "key issues" on direct appeal.

The court has interpreted Gunter's claims liberally because he is not represented by counsel in this action. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted by [the petitioner] in the present case, are entitled to liberal construction.").  After reviewing Gunter's motion to vacate, the court finds that his arguments lack merit. Accordingly, the court **DENIES** Gunter's motion to vacate, set aside, or correct his sentence.

I.     BACKGROUND

In 2006 and 2007, Gunter conducted numerous fraudulent real estate transactions by placing for auction on EBay different real estate properties that he did not own and accepting substantial amounts of money from individuals who thought they were purchasing the advertised properties. Those victims wired or mailed money to Gunter as down payments for the properties, and Gunter eventually stopped communicating with the victims when he could not deliver the deeds to the properties because he did not own them.  Gunter continued his fraudulent real estate scheme even after he was arrested in Illinois on an unrelated charge.  All in all, Gunter defrauded 18 victims out of more than $239,000.00.  (Cr. Docs. 12 & 31).

In 2011, the Government indicted Gunter for three counts of wire fraud and three counts of mail fraud related to his fraudulent real estate schemes (Cr. Doc. 1), and he pled guilty to all six Counts of the Indictment pursuant to a plea agreement with the Government on December 12, 2011. (Cr. Doc. 31). The court sentenced Gunter to sixty months imprisonment on each count, to be served concurrently with each other, and with any "yet-to-be imposed sentence in Cook County (IL) Circuit Court Case no. 11C220078-01." (Cr. Doc. 21).[3]

On May 2, 2012, Gunter's counsel Robert Tuten filed a Notice of Appeal to the Eleventh Circuit. On appeal, his counsel contested Gunter's sentence as both procedurally and substantively unreasonable, but the Eleventh Circuit affirmed Gunter's sentence on February 25, 2013. (Cr. Docs. 25 & 35).

On December 2, 2013,[4] Gunter filed the instant action to vacate, set aside, or correct his sentence pursuant to § 2255. (Cv. Doc. 1). After a preliminary review of Gunter's motion, the court ordered the government to show cause why the court should not grant Gunter's motion. (Cv. Doc. 2). The government responded on March 25, 2014, arguing that the court should summarily deny all of Gunter's claims as either without merit or procedurally defaulted. (Cv. Doc. 6). On April 8, 2014, the court found the case ready for summary disposition and ordered Gunter to submit any additional evidence within twenty one days. (Cv. Doc. 7). Gunter filed a reply to the government's response on May 22, 2014. (Cv. Doc. 10). This matter is ripe for

---

[3] The court entered an "Order Correcting Clerical Error in Amended Judgment" on February 23, 2015, amending his sentence to fifty-four months and eleven days. (Cr. Doc. 42). *See also* (Cr. Docs. 39 & 40) (explaining the reason for the Amended Judgment involved correcting an error in the record arising from oversight).

[4] Pursuant to the prisoner "mailbox rule," the court deems the petition filed the date the petitioner signed it and purportedly delivered it to prison officials.

resolution.

**II.    DISCUSSION**

Gunter asserts five grounds in support of his § 2255.  As discussed below, his three ineffective assistance of counsel claims lack merit, and his claims involving his alleged involuntary plea of guilty and the court's consideration of his 1980 armed robbery conviction during sentencing are procedurally defaulted, or in the alternative, lack merit.

    **A.    Ineffective Assistance of Counsel Claims**

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI; *see Strickland v. Washington*, 466 U.S. 668, 684 (1984). To prevail on a claim of ineffective assistance of counsel, Gunter must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, *and* (2) that he suffered prejudice as a result of that deficient performance. *See Strickland*, 466 U.S. at 684-91.

Deficient performance exists when counsel acts "outside the wide range of professionally competent assistance." *Id.* at 690. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). The only question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id*.

Counsel is presumed to have acted reasonably. *Strickland*, 466 U.S. at 690.  A reviewing court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

A petitioner shows prejudice if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466

U.S. at 694. Gunter must show more than "that the error had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, he must show that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.*

> 1. **Counsel was ineffective because he "convinced [Gunter] to plead guilty because [his attorney] said" his federal and state sentences "would [run] together."**

Gunter claims that his attorney Robert Tuten, who represented him during the arraignment, plea, sentencing, and appeal to the Eleventh Circuit, was ineffective because he told Gunter that his federal and state sentences would run concurrently with each other, when in fact they did not. (Doc. 1). However, in his "Response to Government's Answer," Gunter admits that he "did finally confirm with the F.B.O.P. Records Dept. Dated on 3-11-14 that the sentence was in fact ran [sic] concurrent" with his state case, and Gunter seems to abandon this ground. (Doc. 10 at 3). Such confirmation aligns with the sentence the court actually imposed.

The court originally sentenced Gunter to sixty months imprisonment "as to Counts One through Six, separately, with each Count to be served concurrently with each other, and *concurrently* with any yet-to-be imposed sentenced in Cook County (IL) Circuit Court Case no. 11C220078-01." (Cr. Doc. 21). Mr. Tuten could not be ineffective for any *correct* statements he told Gunter about the sentences running concurrently. Therefore, his claim on this ground must be denied.

> 2. **Counsel was ineffective for failing to discuss with Gunter any appeal strategy prior to filing the direct appeal to the Eleventh Circuit; did not show him the appeal before it was filed; and "left out" some "key issues" on direct appeal.**

Gunter admits that Mr. Tuten *did* file a direct appeal to the Eleventh Circuit on his behalf, but claims that Mr. Tuten did not consult with Gunter about the substance of the appeal before

5

Mr. Tuten filed it, and that Mr. Tuten "left out" some "key issues." However, none of these grounds constitutes ineffective assistance of counsel by Mr. Tuten.

Gunter entered into a plea agreement with the Government that contained a "Waiver of Right to Appeal and Post-Conviction Relief." (Doc. 12 at 13-14). During the plea colloquy, the court specifically asked Mr. Gunter if he understood that he was giving up some or all of his rights to appeal his conviction directly or collaterally. Mr. Gunter indicated that he did understand that appeal waiver. (Doc. 31 at 13). In this habeas action, Gunter does not attack the appeal waiver itself nor claim that he did not understand that waiver.

That appeal waiver limited the issues Mr. Tuten could raise on direct appeal to any "sentence imposed in excess of the applicable statutory maximum sentence(s)" or "any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed." (Doc. 12 at 14). Because the court varied upward from the sentencing guideline range, Mr. Tuten appealed Gunter's sentence as both procedurally and substantively unreasonable, but the Eleventh Circuit affirmed Gunter's sentence.

Gunter does not identify specifically what "key issues" Mr. Tuten "left out" of the appeal. Conclusory or unsupported allegations cannot support an ineffective assistance of counsel claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (finding "unsupported allegations, conclusory in nature and lacking factual substantiation" to be an insufficient basis for relief). Moreover, Gunter fails to explain any other nonfrivolous issues that Mr. Tuten could have raised on direct appeal given Gunter's plea of guilty and his appeal waiver. The court finds that Mr. Tuten's actions in appealing only those issues not barred by the appeal waiver were reasonable and did not violate *Strickland*.

6

Because Mr. Tuten was limited in what he could raise on direct appeal on Gunter's behalf, his failure to talk to Gunter before filing the appeal was not unreasonable. Mr. Tuten filed a direct appeal on Gunter's behalf and raised the only issues any reasonable attorney would have raised given the appeal waiver. Gunter fails to show how talking to Mr. Tuten before filing the appeal would have changed anything regarding the issues Mr. Tuten raised or could have raised on direct appeal.  Gunter also fails to show how Mr. Tuten's failure to simply discuss with Gunter which issues he planned to appeal prejudiced him in any way.  Gunter failed to prove either prong of *Strickland* on this ground, and the court finds that this ground lacks merit.

> **3.** **Counsel was ineffective for failure to apprise Gunter of his time limits for appealing to the United States Supreme Court.**

Gunter claims that Mr. Tuten provided ineffective assistance of counsel because he did not tell Gunter of the time limits to file a writ of certiorari to the United States Supreme Court, and as a result, he "ran out of time to do so" and was denied his right to appeal to that Court.[5] (Doc. 1 at 6).   Gunter's claim lacks merit.

Gunter has "no right under the Sixth Amendment to counsel to pursue a discretionary application for review in the Supreme Court." *Richards v. United States*, 406 F. App'x 447 (11th Cir. 2010) (citing *Ross v. Moffitt*, 417 U.S. 600, 616-18 (1974)).  Therefore, the court cannot find that Mr. Tuten acted ineffectively for failing to file a petition for a writ of certiorari, much less for failing to tell Gunter of the time limits to do so.  *See Richards*, 406 F. App'x at 447 (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)).

---

[5] Gunter also claims that "the clerk of court" failed to apprise him of this time limit, but the court will only address his ineffective assistance of counsel claim as it relates to his counsel, Mr. Tuten.

7

Moreover, even if Gunter could bring an ineffective assistance of counsel regarding his failure to appeal to the Supreme Court, Gunter's claims regarding this ground are conclusory with no factual support.  *See Tejada*, 941 F.2d at 1559.  After the Eleventh Circuit affirmed Gunter's sentence, he wrote a letter to Mr. Tuten asking him "Is there someone higher than this that we can appeal to?"  (Doc. 10 at 11).  In response, Mr. Tuten wrote Gunter a letter explaining that Gunter could appeal to the Supreme Court, but that he would not have "appointed counsel for any further appeal efforts, so [Gunter would] have to retain someone to help [him] . . . ."  Mr. Tuten also explained that he would charge $25,000 to handle such an appeal, and that, if Gunter could "raise the funds," he would "think about" taking his case. However, Mr. Tuten explained to Gunter in the letter  that his guilty plea and waiver of most of his appellate rights would make any further appeal "even harder."  (*Id*. at 12).

Gunter does not allege that after Mr. Tuten's response he asked Mr. Tuten to represent him; that he inquired about the time limitations to apply for a writ of certiorari; which issues he would have raised in a writ or his likelihood of success on those issues; or that he was prejudiced by not pursuing a writ.  Because Gunter fails to establish either prong of *Strickland*, his motion is due to be denied on this ground.

### B. Procedurally Defaulted Claims

In addition to his claims for ineffective assistance of counsel, Gunter also asserts claims involving the voluntariness of his plea and the court's consideration of his 1980 armed robbery conviction during sentencing. As noted below, both of these grounds for relief are procedurally defaulted, or in the alternative, without merit.

The procedural default doctrine reflects the general rule that the district court need not

reconsider issues raised in a habeas action that the Eleventh Circuit resolved on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Moreover, a petitioner cannot raise issues in a collateral habeas proceeding that he could have but failed to raise on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003); *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

Generally, federal courts will not review a procedurally defaulted claim unless the defendant can show either (1) cause for the default *and* actual prejudice from the error, *or* (2) that the court's failure to consider the claim will result in a miscarriage of justice because the defendant is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Lynn*, 365 F.3d at 1234.

### 1.  Gunter did not understand the nature of the charges against him or the consequences of his plea.

Gunter claims that he would never have pled guilty if he had not been "reassured countless times" that his sentence would be between thirty-three and forty-one months. He claims that he would "still be fighting this case if [he] knew [he] was going to be sentencing to 90 months." (Doc. 1 at 7). Gunter seems to argue that he unknowingly entered his plea of guilty because he thought his sentence would be lower. However, in his reply to the Government's response, Gunter indicated that "his argument is not the guilty plea, but the sentence above the P.S.I. Guidelines." (Doc. 10 at 3).

To the extent that Gunter argues that he did not knowingly enter his plea because he did not understand the consequences of pleading guilty, that claim is procedurally defaulted because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998)

("And even voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

"A meritorious claim of ineffective assistance of counsel can constitute cause" to overcome procedural default. *Nyhuis*, 211 F.3d at 1344. However, Gunter has failed to prove that Mr. Tuten provided ineffective assistance of counsel under either prong of *Strickland* regarding his plea or his sentence. The plea colloquy in the record directly refutes any claim that Gunter did not understand the charges against him, the consequences of his plea, or the sentence the court could impose. Furthermore, the plea colloquy reflects that Mr. Tuten explained the consequences of Gunter's plea to him and answered to the best of his ability any questions that Gunter had about the plea of guilty. Not only is this claim procedurally defaulted, but it is also without merit.

Gunter claims that he was "reassured countless times" that the court would sentence him to thirty-three to forty-one months. However, during his extensive plea colloquy, the court questioned both Gunter and his counsel regarding the plea agreement, the consequences of Gunter's plea of guilty, and any questions Gunter had regarding his plea or his possible sentence. Mr. Tuten, when asked if had "sufficient opportunity to discuss [the plea agreement] with Mr. Gunter," indicated that he was able to answer all of Gunter's questions about the plea agreement except one:

> [T]here was that one burning question that every defendant wants to know that I could not anser for him and that is, how much time am I going to get for this.
> And we discussed the statutory range of punishment and the operation of the sentencing guidelines and how those guidelines are likely to apply to this case.
> And I gave him several estimates of what a potential sentence might be. Of course, that is all I can do at this point.

(Cr. Doc. 31 at 12). Gunter did not contest this statement of his counsel during the plea hearing.

Not only did Mr. Tuten indicate to the court at the plea hearing that he did *not* promise Gunter that his sentence would be thirty-three to forty-one months, the court also made clear to Gunter at the plea hearing that it could impose a sentence "different from any estimate or prediction about the guideline sentence that anyone, including [his] attorney, may have provided" to him. (Cr. Doc. 31 at 18). The court further explained to Gunter that it could impose a sentence "substantially more severe" than what he and the Government agreed to in the plea agreement.[6] (Cr. Doc. 31 at 14-15). To make clear the consequence of entering his plea and the possible sentence it could impose, the court told Gunter that a "sentence higher than estimated or expected would not be grounds for setting aside" his plea. (Cr. Doc. 31 at 18). Despite all these assurances at the plea hearing that his plea could be higher than the estimate agreed to in the plea agreement, Gunter chose to plead guilty anyway. Gunter's choice to plead guilty, knowing that Mr. Tuten could not give him assurances as to his definite sentence term, does not constitute ineffective assistance of counsel on Mr. Tuten's part.

Gunter has demonstrated neither prong of *Strickland* on this ground and, thus, failed to show cause for the procedural default. Likewise, Gunter has shown no prejudice from any alleged error nor has he alleged that he is actually innocent. Further, given the conclusory nature of Gunter's claim and the extensive plea colloquy refuting his claims regarding assurances that

---

[6] Interestingly, Gunter points out that "every court room in the State of Illinois says the same thing, do you understand that you can be sentenced to more time than what has been agreed upon by you and the state attorney . . . ." Then Gunter notes that despite that warning the judge always sentences a defendant to what the parties agreed upon. He claims that in this case the fact that the sentence could be above the agreed upon guideline range was never discussed. (Cv. Doc. 10 at 4). However, the plea colloquy in this case demonstrates differently. (Cr. Doc. 31).

his sentence would be between thirty-three and forty-one months, the court finds that applying the procedural default doctrine would not result in a miscarriage of justice. *See Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 167. Gunter's claim on this ground is procedurally defaulted, or in the alternative, without merit.

**2. The court improperly considered his prior conviction for armed robbery**.

Gunter claims that the court erred when it considered during sentencing "a previous state armed conviction of Armed Robbery from 1980 which is well beyond the 15 year limit." (Doc. 1 at 7). During sentencing, the court adopted the Pre-sentence Report of the Probation Office without objection and found the advisory guideline range for Gunter's crimes to be thirty-three to forty-one months. (Doc. 32 at 5). However, considering the factors in 18 U.S.C. § 3553(a), the court found that advisory guideline range was insufficient and varied upward from that range, sentencing Gunter to sixty months on each count, all to be served concurrently. (Doc. 32 at 11-14).

One factor that the court considered in varying upward from the advisory guideline range was that Gunter's criminal history category of three underrepresented his "true criminal history . . . because the armed robbery that he committed many years ago w[as] not counted because of [its] age." Gunter seems to argue that the court's consideration of his robbery conviction as a factor in varying upward was error.

The Eleventh Circuit, in finding that this court provided a "sufficiently compelling justification for its upward variance," stated that this court properly considered Mr. Gunter's "armed robbery conviction [that] was not counted towards his criminal history score." (Cr. Doc. 35 at 5). To the extent that the Eleventh Circuit found that this court correctly considered the

outdated armed robbery convictions as a factor in varying upward, this ground is procedurally barred. *See Nyhuis*, 211 F.3d at 1343 (the court should not reconsider issues already decided by the Eleventh Circuit). To the extent that Gunter failed to raise this specific issue on direct appeal, this ground is procedurally defaulted, and no exceptions apply. *See Lynn*, 365 F.3d at 1234 (a claim is procedurally barred if a defendant failed to raise it first on direct appeal).

Even if this ground is not procedurally defaulted, it lacks merit. "As grounds for a § 4A1.3 [upward] departure, the guidelines permit the sentencing court to consider outdated convictions that are dissimilar, but 'serious.'" *United States v. Lopez-Velasquez*, 379 F. App'x 954, 955 (11th Cir. 2010) (citing U.S.S.G. § 4A1.2, comment (n.8)). The court correctly considered Gunter's outdated armed robbery conviction as a factor is deciding to vary his sentence upward from the advisory guideline range.

### III. CONCLUSION

Gunter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 lacks merit. Gunter has failed to establish that he is entitled to a new trial or any other relief. Therefore, the court **DENIES** the motion.

**DONE** and **ORDERED** this 16th day of February, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE